# Kotchen & Low LLP

1745 KALORAMA RD. NW, STE. 101, WASHINGTON DC, 20009  |  Tel: (202) 471-1995  |  Fax: (202) 280-1128  |  INFO@KOTCHEN.COM

March 15, 2019

Chambers of the Hon. Alice R. Senechal
U.S. District Court for the District of North Dakota
655 1st Avenue North, Suite 440
Fargo, ND 58102-4952

    **Re: Discovery in *Grant v. Tech Mahindra (Americas), Inc.*, No. 3:18-cv-171**

Dear Magistrate Judge Senechal,

    The parties disagree over the scope of discovery. *See* J. 26(f) Rep. at 2-8 (Dkt. #35). Plaintiff believes that class-wide merits discovery should proceed without awaiting resolution of TMA's Motion to Compel Arbitration (Dkt. #40).

    Plaintiff alleges that TMA engages in a pattern-or-practice of race and national origin discrimination against non-South Asian employees. Compl. (Dkt. #1). Pattern-or-practice claims challenge systematic discrimination by an employer, rather than focusing on individual instances of discrimination. *See Craik v. Minn. State Univ. Bd.*, 731 F.2d 465, 468-70 (8th Cir. 1984). They proceed under a particular burden-shifting framework set forth in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 (1977). Under the *Teamsters* framework, "the plaintiff must prove by a preponderance of the evidence that the defendant engaged in a pattern or practice of unlawful discrimination in various company policies, that 'discrimination was the company's standard operating

procedure – the regular rather than the unusual practice.'" *Craik*, 731 F.2d at 470 (quoting *Teamsters*, 431 U.S. at 336).

Limiting discovery to individual issues prior to a decision on the pending motion would only serve to delay the case. In its Motion to Compel, TMA seeks an order compelling arbitration and limiting arbitration to an individual proceeding. However, Plaintiffs believe that the arbitration provision is unenforceable because it expired on July 30, 2017, *see* Agreement ¶ 2 (Dkt. #40-3), and Mr. Grant's claims do not fall within the scope of the Agreement or fall within the arbitration provision's equitable-relief carve-out. *See id.* ¶ 20; *see also Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 209 (1991); *Nissan N. Am., Inc. v. Jim M'Lady Oldsmobile, Inc.*, 307 F.3d 601, 604 (7th Cir. 2002). And if the Court believes the claim is arbitrable, then the Court should order that Mr. Grant can pursue claims on behalf of a class. *See* Agreement ¶ 20 (incorporating the Rules of the AAA); *see also* AAA Supp. Class Arbitration R. 1(a) (providing that the class arbitration rules "apply to any dispute arising out of an agreement that provides for arbitration pursuant to any of the rules of the [AAA] . . . [and] a court refers a matter pleaded as a class action to the AAA for administration.").

Accordingly, discovery should proceed without delay or restriction.

        Sincerely,

        /s/Michael von Klemperer
        Daniel Kotchen (*pro hac vice*)
        Michael von Klemperer (*pro hac vice*)
        KOTCHEN & LOW LLP
        1745 Kalorama Road NW, Suite 101
        Washington, DC 20009

(202) 471-1995
(202) 280-1128 (Fax)
dkotchen@kotchen.com
mvk@kotchen.com

Leo F.J. Wilking
Wilking Law Firm, PLLC
P. O. Box 3085
Fargo, North Dakota 58108-3085
(701) 356-6823
(701) 478-7621 (Fax)
lwilking@wilkinglaw.com

*Attorneys for Plaintiff & Putative Class*