# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Roderick Grant, )<br>)<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>Tech Mahindra (Americas), Inc., )<br>)<br>     Defendant. )<br>) | Case No. 3:18-cv-171<br><br>**ORDER ON DISCOVERY DISPUTE** |

Plaintiff Roderick Grant worked as a Senior Technical Associate with Tech Mahindra (Americas), Inc. (TMA) from August 2012 until June 2015. (Doc. 1, p. 7). In a putative class action, Grant alleges TMA discriminated against persons not of South Asian race or Indian national origin. Prior to beginning his employment with TMA, Grant signed an Employment Agreement which included the following provision:

> Any controversy or dispute relating to this Agreement or the obligations arising there under shall be resolved by arbitration by one arbitrator under the rules of the American Arbitration Association to be held in the City of New York, New York. However, a party may have recourse to the courts for equitable relief.

(Doc. 40-3, p. 8). TMA moves to compel arbitration of Grant's claims on an individual basis. (Doc. 40).[1]

TMA requests a stay, or significant limitation, of discovery during the pendency

---

[1] Earlier, TMA filed a motion to dismiss, which it withdrew on the same day it filed its motion to compel arbitration. Prior to withdrawing the motion to dismiss, TMA asserted that discovery should be limited while that motion was pending. (Doc. 20, p. 20). It is TMA's position that, if the motion to compel arbitration is denied, discovery should be limited in the same manner it had proposed prior to withdrawing its motion to dismiss. (Doc. 45, p. 1 n.1). At this time, the court makes no decision about the scope of discovery to be allowed after a decision on the motion to compel arbitration.

of TMA's motion to compel. Pursuant to Civil Local Rule 37.1, the parties participated in an informal discovery dispute resolution conference with the court on March 4, 2019. (Doc. 43). The issues were not resolved at that conference, and the parties subsequently submitted written position statements. (Doc. 45; Doc. 46).

In Grant's view, the pending motion should not limit class-wide merits discovery. Contending the motion to compel should be denied, he asserts a stay would serve only to delay the case. (Doc. 46). In opposing the motion to compel arbitration, Grant argues (1) the arbitration provision is not enforceable because the Employment Agreement has expired, (2) some of his claims are outside the scope of the arbitration provision or within the provision's "carve-out" for equitable relief, and (3) even if his claim is arbitrable, arbitration rules would allow him to pursue claims on behalf of a class. (Doc. 46, p. 2).

Grant alleges TMA engages in a pattern or practice of race and national origin discrimination. He refers to the framework of International Brotherhood of Teamsters v. United States, 431 U.S. 324, 336 (1977), under which plaintiffs must first prove the defendant followed a pattern or practice of unlawful discrimination—i.e., discrimination was the employer's standard operating procedure. Employees must then prove entitlement to individual relief, with proof of pattern or practice at the first stage supporting an inference of discrimination in favor of individual employees. However, as Grant acknowledges, under Eighth Circuit law, private parties can invoke the pattern-or-practice framework only in class actions. (Doc. 47, p. 20).

TMA advocates for a stay of all discovery pending a decision on the motion to compel arbitration. (Doc. 45). Alternatively, TMA asks that discovery be "limited to

*document production* involving *only* Grant's *individual* claims" while the motion is pending. Id. at 2. TMA argues that if its motion is granted, the arbitrator would have sole authority to determine the scope of discovery. Further, TMA contends it would lose the economic advantage of arbitration if discovery proceeded in this action and the matter was ultimately determined to be arbitrable. TMA also argues pattern-or-practice discovery should not be allowed because that method of proof is not available in private suits by individual plaintiffs. Id. As to Grant's contention that some of his claims are subject to the arbitration provision's "carve-out" for equitable relief, TMA argues that any non-arbitrable equitable claims are dependent on arbitrable claims and that there are no equitable claims before the court at this time. (Doc. 48, p. 11).

In response to Grant's argument that arbitration rules would allow him to pursue a class action, TMA identifies a case pending before the United States Supreme Court that may impact that question. The question presented in Lamps Plus, Inc. v. Varela, 701 F. App'x 670 (9th Cir. 2017), cert. granted, 86 U.S.L.W. 3552 (U.S. Apr. 30, 2018) (No. 17-988), is "[w]hether the Federal Arbitration Act forecloses a state-law interpretation of an arbitration agreement that would authorize class arbitration based solely on general language commonly used in arbitration agreements." Petition for Writ of Certiorari, 2018 WL 389119.

## Discussion

The court considers the matter under Federal Rule of Civil Procedure 26(c), which gives a court broad discretion to limit discovery on a showing of good cause. Determination of good cause requires balancing the moving party's potential burden against the opposing party's interest in the discovery at issue. When, as here, there is a

request to stay discovery pending proceedings in another forum, factors considered include (1) potential for undue prejudice, (2) potential for a clear tactical advantage to one party, (3) potential for simplification of issues, and (4) status of discovery and trial scheduling. Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc., No. 15-cv-4378, 2016 WL 6892108, at *3 (D. Minn. July 29, 2016).

TMA cites several cases in which district courts have stayed or limited discovery while a motion to compel arbitration is pending. See, e.g., In re CenturyLink Sales Practices & Sec. Litig., No. 17-2795, 2018 WL 2122869, at *2 (D. Minn. May 8, 2018), Advocat Inc. v. Blanchard, No. 4:11CV00895, 2012 WL 1893735, at *5-6 (E.D. Ark. May 24, 2012); Richardson v. Virgin Islands Port. Auth., No. CIV.A 2009-236, 2010 WL 1641154, at *10-17 (D.V.I. Apr. 21, 2010); O.N. Equity Sales Co. v. Emmertz, 526 F. Supp. 2d 523, 528-29 (E.D. Pa. 2007); Bank One, N.A. v. Coates, 125 F. Supp. 2d 819, 829 (S.D. Miss. 2001), aff'd, 34 F. App'x 964 (5th Cir. 2002). This court's research confirms that discovery is commonly stayed while a motion to compel arbitration is pending, and Grant has not identified any cases holding to the contrary.

The court recognizes that the current workload in this district may delay a decision on the motion to compel arbitration and, if arbitration is not ordered, that limiting discovery as TMA advocates would certainly delay Grant's claim. Delay could unduly prejudice Grant and give a tactical advantage to TMA. Apart from initial disclosures, the parties have not begun the discovery process. But, if arbitration were ordered after extensive discovery in this case, both parties will have incurred unnecessary discovery expenses. A decision in Lamps Plus might clarify issues involved in this case.

In this court's opinion, TMA has shown good cause to limit discovery. At this time, Grant will be allowed document discovery related only to his individual claim. The court will allow additional discovery prior to a decision on the motion to compel arbitration only with advance permission of the court. Counsel are directed to discuss additional discovery that would likely be allowed by an arbitrator, if arbitration is compelled, and are encouraged to proceed with as much discovery as they agree an arbitrator would likely allow.

**IT IS SO ORDERED**.

Dated this 5th day of April, 2019.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge